```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
 ANGEL PIZARRO,
                                         NOT FOR PUBLICATION
         Plaintiff,
                                         ORDER ADOPTING REPORT
       - against -                       AND RECOMMENDATION____

 ELLEN GOMPRECHT, LESTER WRIGHT,         10-CV-4803 (KAM)(LB)
 and CARL KOENINGSMANN,

         Defendants.
-------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On October 13, 2010, Angel Pizarro ("plaintiff") commenced this *pro se* action against defendants Dr. Ellen Gomprecht, Dr. Lester Wright, and Dr. Carl Koeningsmann (collectively, "defendants") pursuant to 42 U.S.C. § 1983 and New York state tort law, alleging that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights under the United States Constitution. (*See* ECF No. 1, Complaint dated 9/29/2010 and filed 10/13/2010 ("Compl.").)  After discovery was completed, defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the fully-briefed motion was referred to Magistrate Judge Lois Bloom for a Report and Recommendation on August 31, 2012. (*See* Order dated 8/31/2012.)  On February 13, 2012, Judge Bloom issued a Report and Recommendation recommending that this court grant defendants' motion for summary judgment. (*See* ECF No. 57, Report and Recommendation

dated 2/13/2013 ("R&R") at 1.)

On February 19, 2013, a copy of the R&R was sent to the *pro se* plaintiff along with copies of all unreported cases cited therein. (*See* Docket Entry dated 2/19/2013.)  As explicitly noted at the end of the R&R, any written objections to the R&R were to be filed within fourteen days of service of the R&R, or by March 8, 2013. (*See* R&R at 18; Docket Entry dated 2/19/2013); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). On March 4, 2013, plaintiff filed a five-page "objection" to the R&R. (*See* ECF No. 58, Plaintiff's Objections to R&R entered 3/4/2013 ("Pl.'s Obj.").)  Although defendants have yet to file their response to plaintiff's objections, the court overrules plaintiff's objections and adopts and affirms Judge Bloom's R&R in its entirety for the reasons set forth below.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Where a party makes specific and timely objections to a magistrate judge's findings or recommendations, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made. *Mazzei v. Abbott Labs. & Co.*, No. 10-CV-1011, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012) (citing *Arista Records, LLC v. Doe 3,*

604 F.3d 110, 116 (2d Cir. 2010)); *see also* 28 U.S.C. § 636(b)(1). "A proper objection requires reference to a specific portion of the Report and Recommendation." *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (citing *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008)); *Rococo Assocs., Inc. v. Award Packaging Corp.*, No. 06-CV-975, 2007 WL 2026819, at *1 (E.D.N.Y. July 9, 2007) ("A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." (citing *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002))).

Where no proper objection to a Report and Recommendation has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (same). Moreover, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *see*

3

*also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

The court is mindful "that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). "'Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply re-litigating a prior argument.'" *Brown*, 2012 WL 511581, at *2 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## DISCUSSION

Here, plaintiff's objections do not expressly contest particular findings and recommendations of Judge Bloom's R&R; nor does plaintiff reference the specific portions of the R&R to which he objects. *See Brown*, 2012 WL 511581, at *1. Nowhere in his five-page objection letter does plaintiff challenge the accuracy or completeness of Judge Bloom's factual findings or legal conclusions. In fact, plaintiff's objections do not explicitly mention Judge Bloom's R&R at all. (*See generally* Pl.'s Obj.) Rather, in his objections, plaintiff disputes the

4

accuracy of certain factual assertions made by Dr. Gomprecht and Dr. Wright and repeats the factual allegations giving rise to his claims against defendants.  Indeed, plaintiff characterizes his objections as an attempt to "*bring[] back* this pro-se action pursuant to 42 U.S.C. § 1983." (*Id.* at 1 (emphasis added).) Thus, plaintiff's "objections" amount to a belated and misguided attempt to relitigate and rehash the factual and legal disputes central to defendants' summary judgment motion, and in any event, plaintiff's objections fail to present an issue of material fact warranting a trial.  Despite his *pro se* status, plaintiff is not entitled to "'a second bite at the apple by simply relitigating a prior argument.'" *Brown*, 2012 WL 511581, at *2 (quoting *Pinkney*, 2008 WL 2811816, at *1).[1]

Plaintiff's objections, which are nothing more than unsubstantiated denials of defendants' factual assertions, should have been included in a counter-statement pursuant to Local Rule 56.1(b), which requires the non-moving party to

---

[1] As previously noted, plaintiff's opposition to defendants' summary judgment motion and his objections to Judge Bloom's R&R fail to present disputed issues of material fact warranting a trial.  Even if plaintiff's objections can be construed to raise new evidence, factual disputes, or arguments which could have been raised before Judge Bloom, the court declines to consider such new evidence, facts, and arguments. *Chalasani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 26, 2011) ("Generally, courts do not consider such 'new arguments' or new evidence 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not' and the Court declines to do so."); *see also Illis v. Artus,* No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)).

"include a correspondingly numbered paragraph responding to each numbered paragraph in the [Rule 56.1] statement of the moving party." Local Civ. R. 56.1(b). As Judge Bloom correctly noted, "[d]efendants provided plaintiff with the requisite notice to *pro se* litigants pursuant to Local Civil Rule 56.2" and also "submitted a statement of undisputed material facts pursuant to Local Civil Rule 56.1(a)." (R&R at 1 n.3 & n.4.) As such, plaintiff had notice and an opportunity to raise the factual disputes he now attempts to raise in his objections, but failed to do so in a timely matter. In any event, plaintiff has not explained how his view of the factual record warrants revision or reconsideration of Judge Bloom's recommendation that summary judgment should be granted in favor of defendants, and the court need not formulate an explanation on plaintiff's behalf. *See Chabrier v. Leonardo*, No. 90-CV-173, 1991 WL 44838, at *2 (S.D.N.Y. Mar. 26, 1991) ("It is not part of the role of the district court in reviewing a magistrate judge's report and recommendation under Rule 72(b) to create some theory for the objecting party . . . .").

Accordingly, because plaintiff's objections fail to challenge, much less expressly reference, any specific portion of Judge Bloom's R&R, the court reviews the R&R for clear error. Upon careful review of the R&R, the record before the court, and the relevant case law, the court finds no clear error in Judge

6

Bloom's thorough and well-reasoned R&R.

Nevertheless, even assuming that plaintiff's objections constitute proper objections to Judge Bloom's factual findings, the court finds that adoption of the R&R is warranted even under *de novo* review. In an abundance of caution, the court has closely reviewed the evidentiary record in light of plaintiff's objections. Upon such review, the court finds that plaintiff's objections are either immaterial to the findings and recommendations of Judge Bloom's R&R,[2] unsupported by the factual record,[3] inaccurate,[4] or otherwise irrelevant. Consequently, the

---

[2] The court notes that plaintiff accurately states that he is currently 45 years old, rather than 55 years old as noted in Judge Bloom's R&R, given that he was born in 1967. (*See* Pl.'s Obj. at 1; R&R at 2; ECF No. 52, Exh. 1, Ambulatory Health Record Progress Notes ("AHR") at 4.) Plaintiff's age, however, is neither material nor relevant to Judge Bloom's findings and conclusions regarding defendants' motion for summary judgment. Likewise, plaintiff's contention that he "do[es] not suffer from obesity as Dr. Gomprecht alleges," (Pl.'s Obj. at 1), is similarly immaterial to defendants' summary judgment motion or Judge Bloom's legal analysis.

[3] Plaintiff lodges several objections that are inconsistent with the factual record. First, plaintiff claims that he never received an EMG of his left upper extremities or an X-ray of his cervical spine. (Pl.'s Obj. at 2.) Plaintiff's medical records, however, establish that Dr. Gomprecht ordered an EMG and an X-ray of plaintiff's cervical spine and that plaintiff underwent those procedures. (ECF No. 52, Declaration of Dr. Ellen Gomprecht ("Gomprecht Decl.") ¶ 12; AHR at 9; ECF No. 52, Exh. 2, Ramapo Radiology Associates X-Ray Report and Medical Records ("X-Ray Report & Med. Records") at 2-6.) Second, plaintiff baldly asserts that Dr. Gomprecht did not refer him to a cardiologist. (Pl.'s Obj. at 3.) Again, the evidentiary record is to the contrary. (*See* Gomprecht Decl. ¶ 36; AHR at 34.) Finally, plaintiff demands proof of defendants' claim that he was scheduled to see a surgeon in January 2011. (Pl.'s Obj. at 3.) The medical records indicate that plaintiff had an appointment with a surgeon, Dr. Anthony Kopatsis, on January 25, 2011 to determine whether surgical removal of his lipoma was an option. (Gomprecht Decl. ¶¶ 56-57; X-Ray Report & Med. Records at 26.)

[4] For example, plaintiff claims that "Dr. Gomprecht also says repeatedly in her report that [he] made no complaints of any pain suffering from [his] . . . posterior neck lump." (Pl.'s Obj. at 2.) Plaintiff is incorrect: Dr. Gomprecht's declaration states that "[o]n November 24, 2009, plaintiff complained that the lipodystrophy bothered him and that day's note is my first indicating that he wanted it removed." (Gomprecht Decl. ¶ 14.)

court overrules plaintiff's objections and grants defendants' motion for summary judgment in accordance with the R&R.

## CONCLUSION

For the foregoing reasons, the court hereby affirms and adopts Judge Bloom's R&R as the opinion of the court and grants defendants' motion for summary judgment in its entirety. The Clerk of the Court is respectfully requested to enter judgment in favor of defendants and against the plaintiff in accordance with this decision and to close this case. Additionally, the Clerk of the Court is respectfully requested to serve a copy of this Order and an appeals packet on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   March 13, 2013
         Brooklyn, New York

                                            _____/s/_____
                                            Kiyo A. Matsumoto
                                            United States District Judge